**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russ Eldredge,<br><br>  Plaintiff,<br><br>v.<br><br>American Airlines Incorporated,<br><br>  Defendant. | No. CV-25-00823-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 15), Plaintiff's Response (Doc. 20), and Defendant's Reply (Doc. 23). Oral argument was scheduled for September 25, 2025. However, after review of the pleadings, the Court finds that oral argument would not be helpful and the hearing will be vacated. For following reasons, the Court **grants** Defendant's Motion.

## I.   BACKGROUND

Defendant, an airline, had a collective bargaining agreement ("CBA") with the Allied Pilots Association (the "APA"). (Doc. 20 at 9 n.3; Doc. 15-1 at 7.) This was known as the Joint Collective Bargaining Agreement (the "JCBA"). (Doc. 20 at 9 n.3.) Plaintiff, a member of the APA, was a pilot for Defendant until he was diagnosed with substance use disorder. (Doc. 1 at 2–3.) Thereafter, Plaintiff filed a claim for long-term disability ("LTD") benefits under Defendant's LTD insurance plan (the "Plan"). (Doc. 1 at 3.) Plaintiff asserts that he was entitled to LTD benefits because he was disabled within the meaning of the Plan. (Doc. 1 at 3.) The Plan is subject to the Employee Retirement Income

Security Act of 1974 ("ERISA"). (Doc. 1 at 1; Doc. 15-1 at 65.)

Defendant denied Plaintiff's claim, reasoning that Plaintiff was not an employee at the time he incurred the disability and that the disability was otherwise the product of criminal activity. (Doc. 1 at 3.) Plaintiff unsuccessfully appealed the denial twice. (Doc. 1 at 3–4; Doc. 20-3 at 2.) Plaintiff's second appeal was decided by the "Employee Benefits Committee," which notified Plaintiff that he had "the right to institute a civil action under Section 502(a) of ERISA." (Doc. 20-3 at 7.) Plaintiff then sued Defendant, claiming that Defendant wrongfully denied him LTD benefits under the Plan and in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Doc. 1 at 5.) Defendant filed the instant Motion to Dismiss, arguing that the Complaint should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject-matter jurisdiction under the Railway Labor Act ("RLA"). (Doc. 15 at 2.)

## II.  LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332(a). Because this Court's jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In this circumstance, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor, then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane*

*Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, the Court's inquiry is confined to the allegations in the complaint, while a factual attack permits the Court to look beyond the complaint. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004). Motions challenging jurisdiction pursuant to the RLA are typically factual attacks. *See O'Hailpin v. Hawaiin Airlines, Inc.*, CIV. NO. 22-00532 HG-WRP, 2025 WL 1332312, at *4 (D. Haw. May 6, 2025); *Hinant v. American Airlines, Inc.*, No. CV-24-02869-PHX-SPL, 2024 WL 4988391, at *3 (D. Ariz. Dec. 5, 2024).

Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, if the Court determines at any point that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

As noted, federal courts have jurisdiction over civil actions arising under federal law. §§ 1331, 1332(a). Accordingly, federal courts generally have jurisdiction over claims arising under ERISA § 502(a)(1)(B). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–45 (9th Cir. 2009) (recognizing that federal courts have jurisdiction over ERISA § 502(a)(1)(B) claims and that such claims can preempt state law claims). ERISA § 502(a)(1)(B) provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Defendant argues that the Court lacks jurisdiction over Plaintiff's claim because it is subject to the "exclusive and mandatory" jurisdiction of a system board of adjustment ("SBA") under RLA § 204, 45 U.S.C. § 184. (Doc. 15 at 2.) Indeed, federal courts lack jurisdiction over ERISA claims that are within a SBA's exclusive jurisdiction. *See Long v. Flying Tiger Line, Inc. Fixed Pension Plan for Pilots*, 994 F.2d 692, 695 (9th Cir. 1993).

Accordingly, the Court explains what type of claims are within a SBA's exclusive jurisdiction under the RLA.

### A. The RLA and Minor Disputes

"The RLA creates 'a comprehensive framework for resolving labor disputes' in the rail and airline industries." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). As relevant here, the RLA "requires that an air carrier and its employees establish [a SBA] with jurisdiction over disputes 'growing out of grievances, or out of the interpretation or application of [CBAs] concerning rates of pay, rules, or working conditions.'" *Long*, 994 F.2d at 693 (quoting RLA § 204). These disputes are called "minor disputes." *See Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc*, 280 F.3d 901, 904 (9th Cir. 2002).

Federal courts do not have jurisdiction to resolve minor disputes. *See Int'l Ass'n of Machinists & Aerospace Workers v. Alaska Airlines*, 813 F.2d 1038, 1039–40 (9th Cir. 1987).[1] Instead, minor disputes "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and [a SBA] established by the employer and the unions." *Norris*, 512 U.S. at 253. Accordingly, the Court must assess whether Plaintiff's ERISA claim constitutes a minor dispute under the RLA.

Courts have recognized that "minor disputes resist a rigid definition" because "they often depend on particularized facts." *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999). Still, the Ninth Circuit developed a two-part inquiry to determine whether a claim constitutes a minor dispute under the RLA. *See Shurke*, 898 F.3d at 920. First, courts ask whether a claim "seek[s] purely to vindicate a right or duty created by the CBA itself." *Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 842 & n.1 (9th Cir. 2022) (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152

---

[1] RLA disputes can also involve "[m]ajor disputes" which "concern statutory rights, such as the right to form collective bargaining agreements or to seek to secure new rights and incorporate them into future agreements." *Horizon*, 280 F.3d at 904 (quoting *Int'l Ass'n of Machinists*, 813 F.2d at 1039)). Federal courts have jurisdiction over major disputes. *See id.* Neither party contends that this case involves a major dispute.

- 4 -

(9th Cir. 2019)).² "If so, then the claim is preempted, and the analysis ends there." *Id.* (quoting *Curtis*, 913 F.3d at 1152)). But if the claim is not so preempted, courts assess whether the underlying claim requires interpretation or application of the CBA. *See Schurke*, 898 F.3d at 917, 919. "Courts have ruled that a plaintiff's claim is not precluded by the RLA when the court need simply review a term in the CBA or read the provisions of the CBA to determine its basic provisions." *O'Hailpin*, 2025 WL 1332312, at *9 (citing cases).

Defendant argues that Plaintiff's claim is a minor dispute because it turns entirely on interpretation of the JCBA which incorporates the Plan. (Doc. 15 at 3.) Defendant notes that Defendant and the APA specifically agreed to resolve disputes concerning the Plan through the JCBA's grievance and arbitration procedures. (Doc. 15 at 3.) Defendant points to "Letter KK(2)" of the JCBA, which "confirms the agreement between [Defendant] and the [APA]. . . to provide a new long-term disability plan for pilots." (Doc. 15-1 at 9.) Defendant notes that Letter KK(2) provides that "[a]ll documentation regarding the establishment of the [Plan] shall be established by mutual agreement between" the Defendant and the APA, and further states that "[a]ny disputes under [Letter KK(2)] shall be handled in accordance with the provisions of Supplement F(4)." (Doc. 15 at 3; Doc 15-1 at 10.) Supplement F(4), which confirms an earlier agreement between Defendant and the APA, provides that "[d]isputes under [Supplement F(4)] shall be subject to the grievance and arbitration procedures provided by the parties in the [JCBA]." (Doc. 15 at 3; Doc. 15-1 at 12–13.) Defendant also notes that the Plan provides that where the Plan and the JCBA conflict, the JCBA controls.

Additionally, Defendant argues that the JCBA governs whether Plaintiff is eligible for coverage. (Doc. 15 at 3.) Defendant notes that a person must be an "Active Pilot Employee" to be eligible for coverage under the Plan. (Doc. 15 at 3.) Under the Plan, an Active Pilot Employee is "a Pilot Employee who performs or is eligible to perform duties

---

² The court in *Columbia Export* decided an issue under the Labor Management Relations Act ("LMRA"). *See* 23 F.4th at 840. However, the Ninth Circuit applies the articulated two-step inquiry in both RLA and LMRA cases. *See Schurke*, 898 F.3d at 920.

as a pilot for [Defendant]."  (Doc. 15-1 at 41.)  Defendant contends that Plaintiff's eligibility to perform duties as a pilot "falls squarely within the scope of the JCBA."  (Doc. 15 at 4.)

Plaintiff argues that his claim "neither arises out of the [JCBA] nor does it require interpretation of the [JCBA]."  (Doc. 20 at 4.)  Plaintiff notes that the Plan provides that "neither the interpretation of the Plan nor its administration shall as such be within the jurisdiction of [the JCBA]."  (Doc. 15-1 at 60; Doc. 20 at 5.)  Plaintiff also argues that the Plan disclaims RLA preemption in providing that "if [a claimant's] claim is improperly denied . . . [the claimant has] the right to file suit in a federal or state court."  (Doc. 15-1 at 65; Doc. 20 at 6.)  Plaintiff additionally contends that Defendant's reliance on Letter KK(2) and Supplement F(4) is misplaced because those documents, as relevant here, refer to amendments of the Plan.  (Doc. 20 at 6–7.)

### B. Plaintiff's Claim Arises Out of the JCBA

The Court agrees with Defendant that Plaintiff's ERISA claim is a minor dispute under the RLA.  As noted, a claim is considered a minor dispute if "founded directly on rights created by [CBAs]" or is "substantially dependent on analysis of a collective-bargaining agreement."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).  "[T]o determine whether a particular right is grounded in a CBA, we evaluate the 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself."  *Shurke*, 898 F.3d at 920–21.

Here, Plaintiff brings an ERISA claim to recover benefits he argues he is owed under the Plan.  Accordingly, the ERISA claim is premised entirely on Plaintiffs alleged right to recover under the Plan.  However, the Plan, and any entitlement Plaintiff might have thereunder, only exists because the JCBA obligated Defendant to provide the Plan in the first instance.  *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1065 (9th Cir. 2007).  Accordingly, the Plan is the "source" of Plaintiff's alleged right, not ERISA.  Thus, the Court analyzes whether rights arising under the Plan are grounded in the JCBA.  On this

- 6 -

point, the Court is persuaded by *Pearson v. Nw. Airlines, Inc.*, 659 F. Supp. 2d 1084 (C.D. Cal. 2009), which is nearly factually and procedurally identical to the present case.

In *Pearson*, an employee of an airline filed a claim for LTD benefits under the airline's LTD plan. *Id.* at 1085–86. The airline denied the employee's claim, who then sued the airline under ERISA for wrongfully denying her benefits. *Id.* at 1085. The airline moved to dismiss the employee's claims under Rule 12(b)(1). *Id.* at 1087. The court granted the motion. *Id.* at 1094. As is the case here, the issue in *Pearson* was whether the employee's claim was a minor dispute under the RLA. *Id.* at 1088.

The *Pearson* court found that the employee's ERISA claim was "inextricably intertwined with the CBA" such that the employee's ERISA claim was grounded in the CBA at issue in that case. *Id.* at 1093. The court began by looking at whether the LTD plan was "maintained pursuant" to the CBA, considering: "(1) whether the CBA set forth material amendments to or elements of the plan; (2) whether the plan referenced the CBA; and (3) whether evidence showed the parties to the CBA had bargained for the plan." *Id.* at 1091 (citing *Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent & Clerical Emps.*, 187 F.3d 970, 973–74 (8th Cir. 1999)). Finding that each of the foregoing factors were met, the court then considered whether the employee's ERISA claim was dependent on the CBA. *Id.* at 1093. The court concluded that the employee's ERISA claim was dependent on the CBA because the employee's "alleged right to benefits derives from [a LTD policy] created pursuant to the CBA," thus, "the CBA is the 'source' of that right." *Id.* Accordingly, the court rejected the employee's argument that her ERISA claim "turns solely on an interpretation of the proof of loss provision in the [LTD policy]." *Id.*

As was the case in *Pearson*, the Court finds that the Plan is maintained pursuant to the JCBA. In Letter KK(2) to the JCBA, Defendant and the APA agreed to provide the Plan. (Doc. 15-1 at 9.) Letter KK(2) then provides many material elements to the Plan such as the amount of benefits, the duration of benefit payments, and the period for filing claims. *See Jenisio*, 187 F.3d at 973 (noting that a retirement plan was incorporated into a CBA where the CBA "sets forth material amendments to and elements of the [plan]"

including "the size of the annual benefit"). Letter KK(2) also sets out additional elements of the Plan which must be further agreed to. For example, Letter KK(2) provides that the Plan "shall be administered by a third party administrator *to be mutually determined by* the [Defendant] and the [APA]." (Doc. 15-1 at 10 (emphasis added).) Letter KK(2) also provides that "[a]ll documentation regarding the establishment of the [Plan] shall be established by mutual agreement between the [APA] and the [Defendant]" and then provides that any amendments to the Plan shall be made pursuant to Supplement F(4) to the JCBA. (Doc. 15-1 at 10.) Supplement F(4) provides that Defendant has the right to amend the Plan during the "duration of the [JCBA]" if "the [APA] agrees to the amendment." (Doc. 15-1 at 12.) Lastly, the Plan makes multiples references to the JCBA. The Plan provides that it "is established and maintained pursuant to the [JCBA]" and further provides that the JCBA governs "[i]n the event of a conflict between the provisions of [the Plan] and the provisions contained in the [JCBA]." (Doc. 15-1 at 67–68.) Accordingly, we find that the Plan is inextricably intertwined with the JCBA.

Additionally, as was the case in *Pearson*, the Court does not find any evidence suggesting that Plaintiff's claim otherwise asserts a right independent of the JCBA. It would be myopic to conclude that Plaintiff's rights under the Plan exist independently of the JCBA merely because the Plan is a separate document. As noted, the RLA's arbitration requirements apply to ERISA claims where the underlying insurance plan is "maintained pursuant to a collective bargaining agreement." *Hastings v. Wilson*, 516 F.3d 1055, 1059 (8th Cir. 2008). Here, Plaintiff is claiming that Defendant wrongfully denied him LTD benefits; however, those benefits only exist because of the JCBA. The Plan itself provides that it "is provided, administered and funded entirely by the [Defendant] subject to [the JCBA]." (Doc. 15-1 at 41.)[3]

---

[3] Because the Court concludes that Plaintiff's claim is grounded in the CBA, the Court does not separately analyze whether Plaintiff's claim requires interpretation of the JCBA. *See Schurke*, 898 F.3d at 921. This analysis is further obviated given the significant relationship between the Plan and the JCBA. Interpretation of the CBA is required where "there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)). As Plaintiff acknowledges, Defendant denied him LTD benefits—in part—because "Plaintiff was not an Active Pilot Employee under the . . . Plan when the disability was incurred." (Doc. 1 at 3.) Although the Court was not

Additionally, Plaintiff's reliance on *Bonin v. American Airlines, Inc.*, 621 F.2d 635 (5th Cir. 1980) is misplaced. (Doc. 20 at 4.) Plaintiff relies on *Bonin* for the proposition that "if the parties expressly state that a dispute is not subject to the CBA, the RLA does not apply." (Doc. 20 at 4.) The court in *Bonin* ruled that a district court had jurisdiction over a plaintiff's ERISA claim seeking benefits under a pension plan. *Bonin*, 621 F.2d at 640. The *Bonin* court found it significant that the pension plan provided: "Notwithstanding any other provision of this Plan, neither the interpretation of the Plan nor its administration shall as such be within the jurisdiction of [the CBA]." *Id.* at 636. (Doc. 15-1 at 60.) While the Plan in this case contains the same language, that language, by itself, does not compel this Court to reach the same conclusion as *Bonin*. The foregoing language cannot be read to suggest that interpreting the Plan can never entail interpretation of the JCBA. As noted, the Plan's definition of "Pilot Employee" necessarily relies on the JCBA. More broadly, the Plan provides that the JCBA controls "[i]n the event of a conflict between the provisions of [the Plan] and the provisions contained in the [JCBA]." (Doc. 15-1 at 68.) Additionally, just before that language, the Plan provides that the administrator of the Plan is "bound by any determination pursuant to the [JCBA]" and is precluded from "administer[ing] the Plan in any manner inconsistent with a final determination under [the JCBA]." (Doc. 15-1 at 60.) Thus, the cited language is better understood as giving the Plan administrator jurisdiction to interpret the Plan when the JCBA is not controlling.

Furthermore, the court in *Bonin* expressly recognized that the lower court had jurisdiction over the plaintiff's pension plan claim because "the pension plan . . . is not maintained pursuant to a [CBA]." *Id.* at 639. Here, as explained, the Plan is maintained pursuant to the JCBA. Additionally, the court in *Bonin* noted that the circumstances before it were unlike those in *De La Rosa Sanchez v. E. Airlines, Inc.*, 574 F.2d 29 (1st Cir. 1978),

provided a copy of the JCBA in its entirety, on the record before it, it appears that a determination of whether a claimant qualifies as an Active Pilot Employee is governed by the JCBA. The Plan requires a person to be an "Active Pilot Employee" to be eligible for coverage. (Doc. 15-1 at 46.) An "Active Pilot Employee" is a "Pilot Employee who performs or is eligible to perform duties as a pilot for [Defendant]." (Doc. 15-1 at 41.) The Plan does not articulate any basis to determine whether a person is eligible to perform pilot duties. Instead, the Plan defines "Pilot Employee" as a person "permitted to participate in the Plan *as provided under the* [*JCBA*]." (Doc. 15-1 at 45 (emphasis added).)

- 9 -

where a claimant had to submit their claim for benefits to arbitration under the RLA. *Bonin*, 621 F.2d at 639 n.8. The court noted that *De La Rosa Sanchez* was different because the CBA at issue in that case controlled the claimant's right to benefits. *Id.* Accordingly, *Bonin* noted that "the terms of a [CBA] were necessarily at issue in determining the plaintiff's right to benefits." *Id.* Here, the Plan is the product of the JCBA which similarly establishes a claimant's rights to benefits. As noted, a claimant's right to benefit under the Plan is contingent, in part, on their status as a "Pilot Employee," a term the Plan provides individuals "permitted to participated in the Plan *as provided under the* [*JCBA*]." (Doc. 15-1 at 45 (emphasis added).)

Because Plaintiff's ERISA claim is predicated on an alleged violation of the Plan, which is inextricably intertwined with the JCBA, Plaintiff's claim is grounded in the JCBA. Accordingly, his claim is a minor dispute under the RLA. Thus, under the RLA, the Court lacks subject-matter jurisdiction to hear Plaintiff's claim. Plaintiff will not be given leave to amend under Rule 15 because "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss (Doc. 15) and vacating oral argument scheduled for September 25, 2025.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 4th day of September, 2025.

Honorable Susan M. Brnovich
United States District Judge